IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIETRICH VON WALDEMAR,

                  Plaintiff,

  v.                                                       ORDER

NANCY A. BERRYHILL,                         15-cv-500-jdp
Acting Commissioner of Social Security,

                  Defendant.

---

Plaintiff Dietrich Von Waldemar filed this lawsuit seeking review of an administrative decision that denied his request for disability benefits under the Social Security Act. The court granted the parties' joint motion to reverse and remand the Commissioner's decision. Dkt. 13. On remand, Von Waldemar obtained a favorable decision and an award of past-due benefits from the Commissioner.

Von Waldemar's attorney, Dana Duncan, now moves for an award of attorney's fees under 42 U.S.C. § 406(b). Dkt. 23-1. But because Duncan's motion is untimely, the court will deny the motion.

BACKGROUND

Attorney's fees awarded under § 406(b) are paid by the plaintiff out of the plaintiff's past-due benefits. When the Commissioner grants past-due benefits, the Commissioner withholds up to 25 percent for the purpose of paying attorney's fees. SSA-POMS: GN 03920.017. If the attorney does not file a timely petition for fees, the Commissioner disburses the withheld benefits to the plaintiff. 20 C.F.R. § 404.1730(c).

Here, Duncan filed his petition for attorney's fees after the Commissioner had already disbursed the withheld benefits to Von Waldemar. On August 22, the Commissioner wrote a letter notifying Duncan that if he did not petition for fees within 20 days, the Commissioner would disburse the benefits. Duncan contends he never received this letter, nor any other notice of the Commissioner's decision, until he received a September 26, 2017 "Notice of Change in Benefits." Dkt. 31-1. The notice indicated that the Commissioner was withholding 25 percent of Von Waldemar's past-due benefits.

On November 10, Duncan filed a request with the Commissioner for attorney's fees for his time spent representing Von Waldemar in front of the ALJ. Dkt. 32, ¶ 7.

On November 20, the Commissioner sent another letter to both Von Waldemar and Duncan, explaining that no attorney's fees had been requested and that Von Waldemar would soon receive a check disbursing the withheld benefits. Dkt. 30-3. Duncan agrees that he received a copy of this letter. Dkt. 31, at 5. The next day, the Commissioner sent Duncan an authorization to charge and collect a fee for Duncan's time representing Von Waldemar in front of the ALJ. Dkt. 31-3.

Duncan did not file his motion for attorney's fees under § 406(b) until January 5, 2018. Dkt. 23. His motion did not inform the court that the funds he sought had already been disbursed to his client.

ANALYSIS

The court begins with the question of when a motion for attorney's fees is due. Under Federal Rule of Civil Procedure 54(d), a motion for attorney's fees must be filed no later than 14 days after the entry of judgment. But this deadline is impossible for counsel to meet in the

majority of Social Security appeals. *Cox v. Astrue*, No. 7-cv-234, 2011 WL 2692910, at *1 (N.D. Ind. July 11, 2011). When a district court reverses and remands a case to the Commissioner, it enters judgment at the time of remand. It inevitably takes longer than 14 days for the Commissioner to reach a decision on remand. And the attorney will not know the amount of fees he is requesting until after the Commissioner's decision. *Smith v. Bowen*, 815 F.2d 1152, 156 (7th Cir. 1987).

The Seventh Circuit previously held that a petition for fees under § 406(b) must be brought within a "reasonable time." *Id*. But the court in *Smith* was applying a previous version of Rule 54 that imposed "no time limit apart from an implicit requirement of reasonableness." *Id.* (quoting *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1248 (7th Cir.1982)). The court of appeals has not addressed the issue since Rule 54 was amended to impose a time limit of 14 days.

Other circuits are split regarding the applicability of current Rule 54(d) to § 406(b) petitions. The Third, Fifth, and Eleventh Circuits have held that Rule 54(d) applies, but that the filing deadline is tolled until counsel receives notice of the award of past-due benefits. *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010). The Tenth Circuit has held that the Rule 54(d) deadline expires 14 days after remand, but that counsel may receive relief from the deadline by filing a motion under Rule 60(b)(6). *McGraw v. Barnhart*, 450 F.3d 493, 504–505 (10th Cir. 2006) (explaining that Rule 60(b)(6) allows courts to exercise equitable powers when required by exceptional circumstances). Under this rule, a petition for attorney's fees is timely if filed within a reasonable time after the Commissioner's decision. *Id*.

Here, Duncan's petition is untimely no matter which rule the court applies. Duncan argues that the Commissioner failed to notify him when she made her decision. But that is

3

irrelevant, because Duncan was still notified of the award on September 26. If Rule 54 was tolled until notification, then Duncan missed the deadline by 86 days. If instead the court applies the rule from *Smith* or the Tenth Circuit, then the timing of Duncan's petition is still unreasonable. Duncan argues that he did not receive the August 22 letter, but Duncan still received notice on November 20 that the Commissioner was disbursing Von Waldemar's withheld benefits. Yet he waited six more weeks before filing his petition in federal court, allowing his client to hold, and potentially spend, the funds for a month and a half. Duncan seems to argue that he was waiting to file his petition until after he received approval of attorney's fees for his time before the ALJ. Dkt. 31, at 5–6. But that does not make his petition any more reasonable—Duncan received that approval only one day after the notice that the Commissioner was disbursing Von Waldemar's benefits.

Duncan argues that in *Vanbuskirk v. Colvin*, No. 10-cv-00360, 2015 WL 3439228, at *3 (N.D. Ind. May 28, 2015), the court found reasonable an attorney's petition filed almost two years after the attorney received notice of the decision. But in *Vanbuskirk*, the attorney's petition was filed in response to a letter from the Commissioner notifying the attorney that the Commissioner was still withholding funds. *Id.* The attorney filed the petition immediately after receiving the letter. Furthermore, the court in *Vanduskirk* found that the delay was reasonable because it did not prejudice the Commissioner or the plaintiff. *Id.* at *3–4. Here, Duncan's tardiness both prejudiced the Commissioner, who no longer has the funds, and potentially prejudiced Von Waldemar, who may have used the funds since last November. So the court will deny Duncan's petition as untimely.

ORDER

IT IS ORDERED that plaintiff's attorney's motion in support for authorization of attorney's fees pursuant to § 206(b)(1), Dkt. 23, is DENIED.

Entered August 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge